72 N.J. Super. 467 (1962)
178 A.2d 640
LENA RUTER, PLAINTIFF-APPELLANT,
v.
NORTHWESTERN FIRE AND MARINE INSURANCE CO., ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 22, 1962.
Decided March 1, 1962.
*468 Before Judges FREUND, FOLEY and SULLIVAN.
Mr. Morris Ruter argued the cause for appellant.
Mr. Samuel A. Gennet argued the cause for respondents.
The opinion of the court was delivered by SULLIVAN, J.A.D.
This appeal involves the construction of certain fire insurance policies and replacement cost *469 endorsements issued to plaintiff by defendant insurance companies.
The case was submitted to the trial court by cross-motions for summary judgment on the following stipulation:
"The following facts are presently stipulated in this cause by the attorneys for the parties herein:
1. That the plaintiff was the owner and insured, and the defendants were the insurors of property owned by the plaintiff at 209 East Main St., Bound Brook, New Jersey, on February 25, 1959.
2. That the defendants were insurors in the following proportions:
 Northwestern Fire and Marine Insurance
 Company $20,000.00  Policy # 65004.
 Central Mutual Insurance Company
 $14,000.00  Policy # 138164.
 National Union Fire Insurance
 Company $14,000.00  Policy # 1620801.
3. That on February 25, 1959, the said premises were partially destroyed by fire.
4. That the whole loss or damage to the property in question amounted to $36,548.99, which figure included depreciation in the amount of $3,324.26.
5. That the sum of $33,224.73 was made payable immediately upon submission of proofs of loss, and was paid.
6. That the balance of $3,324.26 would be payable upon the assured's compliance with the replacement cost endorsement on said policies.
7. That the premises were sold in the burned condition to a third party in August, 1959, and was rebuilt and replaced by the purchaser. The construction was completed in December, 1959, approximately 10 months after the date of the fire.
8. The premises as rebuilt was not identical to the original building but now consists of a one and one-half story, one store building, in lieu of a two story, two store, two apartment building.
9. That the defendants have denied liability on the grounds that the plaintiff has not conformed with the terms of the replacement cost endorsement.
10. The attached photocopies of the policies and endorsements are the policies of insurance upon which this action is brought.
 SAMUEL A. GENNET,
 Attorney for Defendants.
 As to 1-5 inc., 7-10 inc.
 MORRIS RUTER,
 Attorney for plaintiff.
*470 The plaintiff will stipulate that Paragraph 6 should read as follows:
`The balance of $3,324.26 would be payable upon compliance with the replacement cost endorsement in the said policy.'
 MORRIS RUTER,
 Attorney for Plaintiff."
At oral argument of the appeal counsel for defendants stated that paragraph 6 of the stipulation, as proposed by plaintiff, was acceptable to defendants.
Plaintiff also submitted an affidavit showing that on the sale of the premises in the "burned condition" in August 1959 for $11,500, it was agreed that the purchaser would apply the entire purchase price towards the erection of a building on the premises; plaintiff to accept a purchase money mortgage for the $11,500 purchase price.
The terms of the basic policies are not involved in this case except to note that they provide that payments thereunder are for the "actual cash value" of the property at the time of the loss.
The pertinent provisions of the replacement cost endorsements are as follows:
"1. * * * the terms of this policy, applicable only to the building item(s) are amended to substitute the term `replacement cost' for the term `actual cash value' wherever it appears in the policy, thereby eliminating any deduction for depreciation, subject, however, in all other respects to the stipulations, limitations and conditions stated herein * * *

* * * * * * * *
5. THIS COMPANY'S LIABILITY FOR LOSS UNDER THIS POLICY, INCLUDING THIS ENDORSEMENT, SHALL NOT EXCEED THE SMALLEST OF THE FOLLOWING AMOUNTS (a), (b), or (c):
(a) The amount of this policy;
(b) The replacement cost of building(s), or any part thereof, identical with building(s) described herein, on the same premises and intended for the same occupancy and use;
(c) The amount actually and necessarily expended in repairing or replacing the building(s) described herein, or any part thereof, on the same premises, and intended for the same occupancy and use.
6. THIS COMPANY SHALL NOT BE LIABLE FOR 
(a) * * *
*471 (b) Any loss under this endorsement unless and until the damaged property is actually repaired or replaced on the same premises with due diligence and despatch, and, in no event, unless repair or replacement is completed within a reasonable time after such loss."
The trial court entered judgment for defendants on two grounds. First, it held that plaintiff had incurred no loss under the endorsements because she had expended no money to repair or replace the premises but had sold the same in their damaged condition. Second, there was no liability under the endorsements unless the new building erected was identical with the original structure on the premises and intended for the same occupancy and use.
In the construction of an insurance policy certain legal principles are basic. Courts are bound to protect the insured to the full extent that any fair interpretation will allow. Kievit v. Loyal Protect. Life Ins. Co., 34 N.J. 475 (1961).
"When members of the public purchase policies of insurance they are entitled to the broad measure of protection necessary to fulfill their reasonable expectations. They should not be subjected to technical encumbrances or to hidden pitfalls and their policies should be construed liberally in their favor to the end that coverage is afforded `to the full extent that any fair interpretation will allow.'" Ibid., at p. 482.
"Wherever possible the phraseology must be liberally construed in favor of the insured; if doubtful, uncertain, or ambiguous, or reasonably susceptible of two interpretations, the construction conferring coverage is to be adopted. And exclusionary clauses of doubtful import are strictly construed against the insurer." Hunt v. Hospital Service Plan of N.J., 33 N.J. 98, 102, 103 (1960).
We do not agree with the construction given the endorsements by the trial court nor its conclusion that plaintiff incurred no loss thereunder. It was stipulated that the whole loss or damage to plaintiff's property amounted to $36,548.99, which figure included depreciation in the amount of $3,324.26. There is no question that plaintiff was entitled to her depreciated loss of $33,224.73 under the basic policies and would be entitled to the additional $3,324.26 if the terms of the replacement cost endorsements *472 were met. Defendants, in their brief, concede that the $36,548.99 figure represents the replacement cost of the property.
Considering the provisions of the replacement cost endorsements, we find that the only condition or limitation on liability relevant to the instant case is 6(b) supra, which provides that the insurer shall not be liable for any loss under the endorsement unless and until the damaged property is actually repaired or replaced on the same premises with due diligence and dispatch, and in no event unless repair or replacement is completed within a reasonable time after such loss. This condition or limitation has been met. The damaged property has actually been replaced on the same premises, which replacement was completed approximately ten months after the date of the fire, and defendants do not claim on this appeal that the replacement was not made with due diligence and dispatch, or that the time interval was not reasonable. There is nothing in 6(b) which requires that the replacement be identical with the original building or intended for the same occupancy and use. Nor does it provide, as defendants suggest, that the replacement must be by the insured. The only limitations or provisos are as above noted.
Since the provisos or limitations of 6(b) have been met we turn to 5 to determine the amount of defendants' liability. This clause does not, as defendants claim, impose further limitations on plaintiff's right to recover. All it provides is that the company's liability shall not exceed the smallest of the following amounts:
(a) the amount of coverage, here $48,000;
(b) the replacement cost of the damaged building, here $36,548.99;
(c) the amount actually expended in replacing the damaged building on the same premises and intended for the same occupancy and use.
Subparagraph (c) is not applicable to the instant case because the new building actually erected is not intended *473 for the same occupancy and use as the old. This subparagraph relates to a situation where the damaged property is repaired or replaced in a manner not identical with the original structure, but intended for the same occupancy and use. In such situation, if the amount actually expended is less than the replacement cost of the original building, the company's liability is limited to the amount actually expended. However, that situation is not present in the instant case since it has been stipulated that the new building consists of a one and one-half story, one-store building, in lieu of a two-story, two-store, two-apartment building.
It is to be noted that under the provisions of 5(b) and (c), if the damaged building be replaced with a more expensive structure even though intended for the same occupancy and use, the company's liability would be limited to the replacement cost of the old building.
Subparagraph (c) of paragraph 5 not being applicable, the amount of defendants' liability is the replacement cost of the original building under (b). Allowing defendants credit for the amount already paid, plaintiff is entitled to judgment in the sum of $3,324.26.
Remanded for the entry of judgment in accordance with this opinion. Costs to plaintiff.